**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                         **Respondent,**        5:08-CR-545  (NAM)

       **vs.**

**RICHARD RUSSELL, JR.,**

                         **Petitioner.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| ANDREW T. BAXTER<br>Acting United States Attorney<br>Northern District of New York<br>100 South Clinton Street<br>Room 900, P.O. Box 7198<br>Syracuse, New York  13261-7198 | Lisa M. Fletcher, Esq.<br>Assistant U.S. Attorney |
| ALEXANDER BUNIN<br>Federal Public Defender<br>4 Clinton Square, 3rd Floor<br>Syracuse, New York 13202<br>*Attorney for Defendant* | Lisa A. Peebles, Esq.<br>Assistant Federal Public Defender |

**Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM DECISION AND ORDER**

**I.    INTRODUCTION**

      Defendant Richard Russell, Jr. is charged in a one-count indictment with violating 18 U.S.C. § 2251 (a).  To wit, the government charged defendant with employing, using, persuading, inducing, enticing and coercing a male minor, age 14, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, where the visual depictions were produced using materials that were mailed, shipped or transported in interstate or foreign commerce.  The indictment against defendant also contained a forfeiture allegation.

Presently before the Court are two motions: 1) defendant's motion (Dkt. No. 13) to suppress all evidence seized from his residence pursuant to an alleged invalid warrant including the post-arrest statements that flowed therefrom and; 2) the government's cross-motion (Dkt. No. 15) for discovery from defendant. The issues presented in the above-referenced motions are questions of law that may be resolved without resort to a hearing.

## II.    FACTUAL BACKGROUND[1]

On August 11, 2008, New York State Police Investigator Andrew Gayeskie ("Inv. Gayeskie") began investigating a complaint against defendant RICHARD RUSSELL, Jr. involving the possible production of child pornography and sexual abuse of two minor boys. Inv. Gayeskie spoke with a woman who claimed she found her 11-year old son in possession of a pornographic VHS video tape that had been provided by a person named Richard Russell, Jr. The woman claimed that Mr. Russell lived at 974 State Route 11C, Brasher Falls, New York with his girlfriend, Lisa Kelly.

Inv. Gayeskie interviewed the complainant's 11-year old son and obtained details of the abuse. The child stated that in January 2008, defendant gave the boy a guitar and promised him free guitar lessons. The 11-year old boy told Inv. Gayeskie that he began visiting defendant at defendant's apartment at 676 State Route 11C in Winthrop, New York. Instead of lessons, defendant showed the boy pornographic material/images involving 14-year old girls, bestiality and girl on girl movies. The boy visited defendant at that location once a week until May or June 2008 when defendant moved to 974 State Route 11C in Brasher Falls.

---

[1] The facts recited herein are taken from New York State Police Investigator Andrew Gayeskie's ("Inv. Gayeskie") affidavit dated 08/12/2008 submitted in support of the application for a search warrant and Inv. Gayeskie's affidavit dated February 9, 2009 submitted in opposition to defendant's motion. Defendant did not submit an affidavit in support of the within motion.

The boy visited defendant at the Brasher Falls residence at least four times. At each visit, the boy claims that defendant showed him pornographic material. This child reported that defendant placed his hand down his own pants while watching the material. The child also reported that defendant would forcibly grab the child's penis through the child's clothing and on one occasion, asked the child for oral sex. The child reported that defendant took pictures of him and his 10-year old friend with their clothes on. Defendant also instructed the 11-year old boy to go to the bathroom and take a picture of his penis with a digital camera. The child stated that defendant then downloaded the picture onto his computer and sent it "to a few people online". The child gave Inv. Gayeskie several magazines which contained pornographic images of females. The boy claimed that defendant gave him the magazines.

On August 12, 2008, Inv. Gayeskie interviewed a second minor, a 10-year old boy. The child disclosed that defendant asked him, on two occasions, to go to the bathroom to take pictures of his penis. The first time, the boy refused. The second time, the boy stated he went into the bathroom but did not take the picture. The boy stated that he gave defendant the camera and that defendant attempted to download the image onto his computer, but the picture was blank. The boy stated that he did not take the photograph because he was embarrassed. The 10-year old boy also stated that he saw his friend go to the bathroom to take pictures of his penis and that defendant then downloaded and sent those images from his computer.

In an attempt to identify defendant, Inv. Gayeskie sent NYSP Trooper Anderson to 974 State Route 11C to get a description of the location. Trooper Anderson reported that a 2004 Ford Explorer and a 1998 Dodge Stratus were parked in the driveway of the residence. The Explorer was registered to Richard F. Russell, Jr. (date of birth 01/19/1971), of Malone, New York and the

Stratus was registered to Lisa Kelly of 974 State Hwy 11C, Brasher Falls. Inv. Gayeskie stated that in his experience, people do not always change the address on their vehicle registration when they move. Moreover, Inv. Gayeskie concluded that the complainant's description of Richard Russell as being in "his 30s" was consistent with the date of birth for the title owner of the vehicle. Therefore, Inv. Gayeskie concluded that the Richard Russell, Jr. living at 974 State Route 11C was the same Richard Russell, Jr. to whom the vehicle was registered.

As a result of the information gathered, Inv. Gayeskie applied for a search warrant for 974 State Route 11C (defendant's residence) and 11444 State Route 11, North Lawrence, New York (the residence of defendant's father). Using the date of birth for Richard F. Russell, Jr., the registered owner of the vehicle, Inv. Gayeskie conducted a criminal record check. Inv. Gayeskie included the results of that search in his application for a search warrant. On August 12, 2008, the warrant was signed by Hon. John Burns, Town Justice of the Town of Brasher. On August 12, 2008, the search was executed and evidence was seized from defendant's residence and from the residence of defendant's father. The items seized from defendant's residence at 974 State Route 11C included the following: 1-dimension 2350 tower; 1-loose cd-maxwell cdr; 2 cd Memorex and imitation bpxl; 1-kodak easy share cx4230; 3-spindle miscellaneous cdr's' 1-kodak easy share ls443; 1-id mega zip drive; 1-vivtar vivicam 3785; 1-alienware tower; 1-generic tower; 1-hp pavilion tower; 1-bm thinkpad; 1-nat tower.

On August 12, 2008, defendant was arrested for New York State criminal offenses. During his interview, defendant advised Inv. Gayeskie that his full name was Richard P. Russell, Jr. and his date of birth was 06/03/1972. Defendant stated he did not know Richard F. Russell, Jr. On August 13, 2008, Inv. Gayeskie interviewed Richard F. Russell, Jr. in Malone, New York and

Mr. Russell advised that he did not know defendant. Mr. Russell further advised that no vehicles were registered in his name. On September 9, 2008, defendant was arrested on federal charges. At that time, defendant stated that the Explorer was his vehicle and that he purchased the vehicle three months before his arrest at Bailey Ford in Malone, New York and that the dealership completed the registration paperwork. Defendant claims he was never previously arrested and that he has no criminal history.

### III.    DISCUSSION

#### A.    Suppression of Physical Evidence

Defendant seeks suppression of all physical evidence seized from his residence on the basis that: (1) the supporting affidavit contained false and misleading information; (2) the warrant application did not establish probable cause; and (3) the warrant fails the particularity requirement of the Fourth Amendment.[2]

##### 1.    False or Misleading Information

Defendant claims that the application for the search warrant contained false and misleading information. Specifically, defendant contends that Inv. Gayeskie's affidavit referenced the wrong individual and that individual's criminal record. Defendant requests a *Franks* hearing to establish that the statements were false and misleading and thus, do not satisfy the probable cause standard. The government contends that Inv. Gayeskie's affidavit contains a minor mistake that the investigator could not reasonably have known at the time he applied for the search warrant.

---

[2] Defendant's motion specifically addresses the items seized from defendant's residence at 974 State Route 11C. Defendant's motion is devoid of any legal or factual argument with regard to the search and seizure of physical evidence from defendant's father's residence.

Affidavits supporting search warrants are presumed to be valid. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978). "[A] defendant may challenge the validity of a search warrant alleged to contain deliberately or recklessly false or misleading information." *U.S. v. Martin*, 426 F.3d 68, 73 (2d Cir. 2005) (citing *Franks*, 438 U.S. at 164-72). Before a defendant is entitled to a hearing to test the truthfulness of a warrant's underlying affidavits, the defendant must demonstrate, by a preponderance of the evidence that: (1) the affidavit contained a false statement knowingly and intentionally, or with reckless disregard for the truth; and (2) the allegedly false statement is necessary to the finding of probable cause. *Id*. (quoting *Franks*, 438 U.S. at 156); *see also U.S. v. Salameh*, 152 F.3d 88, 113 (2d Cir.1998). A conclusory allegation of deliberate falsehood is insufficient without more to justify further inquiry into the warrant. *U.S. v. Lamb*, 945 F.Supp. 441, 464 (N.D.N.Y. 1996) (citing *Franks*, 438 U.S. at 171-72).

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.

*U.S. v. Swartz*, 2008 WL 2357408, at *6 (W.D.N.Y. 2008) (quoting *Franks*, 438 U.S. at 171). Allegations that amount to negligence or innocent mistake do not constitute the required showing. *U.S. v. Barnes*, 399 F.Supp.2d 169, 181-182 (W.D.N.Y. 2005) (internal citation omitted). The focus is not on whether a mistake was made, but rather on the intention behind the mistake. *Id*.

Although an affidavit in support of a search warrant application may contain both lawful and tainted allegations, a search warrant issued on the basis of such affidavit remains valid if

6

probable cause is found based on an independent consideration of only the lawful information contained in the affidavit.  *Franks*, 438 U.S. at 170-71; *see also U.S. v. Patterson*, 135 Fed.Appx. 469, 472 (2d Cir. 2005) (internal citations omitted) (holding that if, after setting aside the allegedly misleading statements or omissions, the affidavit, nonetheless, presents sufficient information to support a finding of probable cause, the district court need not conduct a *Franks* hearing).  A false statement "is material when 'the alleged falsehoods or omissions were necessary to the [issuing] judge's probable cause finding.' " *U.S. v. Martin*, 426 F.3d 68, 73-74 (2d Cir. 2005) (internal citations omitted). Thus, "[t]he ultimate inquiry is whether, after putting aside erroneous information and material omissions, 'there remains a residue of independent and lawful information sufficient to support probable cause.' " *Id*. (citing *U.S. v. Canfield*, 212 F.3d 713, 718 (2d Cir. 2000)).

In this matter, the search warrant application was supported by the affidavit of Inv. Gayeskie.  In that affidavit, Inv. Gayeskie stated that:

> On 8/12/08, a Criminal History of Richard F. Russell, Jr. shows an Aggravated harassment 2nd and False Reporting Incident 2nd - Fire arrests on December 10, 1994.  Russell was sentenced to 3-years probation.

Inv. Gayeskie concedes that the aforementioned information was erroneous.  However, Inv. Gayeskie contends that, based upon his 16 years of experience with the New York State Police, he had a reasonable belief that the subject he was investigating, Richard Russell, Jr., was the same Richard F. Russell, Jr. who was listed as the registered owner of a vehicle located in the driveway of 974 State Route 11C, Brasher Falls.  Inv. Gayeskie stated that when he applied for the search warrant, he "made every attempt to provide truthful and accurate information to the issuing judge".

7

Defendant has not shown that Inv. Gayeskie knowingly, intentionally or with reckless disregard for the truth provided this false information.  Defendant offers nothing other than conclusory assertions and has failed to provide any legal or factual support for the allegations.  The record demonstrates that the inclusion of the criminal history in Inv. Gayeskie's affidavit was an innocent and/or negligent mistake that Inv. Gayeskie could not have reasonably discovered at the time he applied for the warrant.   Moreover, defendant has not established that the false information was material to the probable cause finding upon which the warrant was based.  Indeed, Inv. Gayeskie's affidavit contained independent information that was sufficient to support probable cause.  Specifically, Inv. Gayeskie's affidavit contained details of his interviews with both boys and information relative to his review of the pornographic material.  Given the totality of the affidavit and common sense, there was a fair probability that evidence of a crime would be found at defendant's residence.  *See Martin*, 426 F.3d at 75.  Therefore, defendant's request for a *Franks* hearing is DENIED.

**2.**         **Probable Cause for Issuance of Search Warrant for 974 State Route 11C**

Defendant claims that the statements of a minor boy, a video and a magazine do not support a probable cause finding that there would be evidence of child pornography at defendant's home at 974 State Route 11C.  Defendant argues that the statements of the boy do not establish that he ever viewed pornography at the 974 State Route 11C address.  The government contends that the issuing court clearly had probable cause to believe that evidence of offenses involving the production, receipt and possession of child pornography by electronic media would be found at defendant's residence.

The Fourth Amendment to the Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV; *see also* Fed.R.Crim.P. 41. In reviewing a magistrate's probable cause determination, the Court must "accord substantial deference to the magistrate's finding and limit . . . review to whether the issuing judicial officer had a substantial basis for the finding of probable cause." *U.S. v. Singh*, 390 F.3d 168, 181 (2d Cir. 2004) (quotation omitted). Once a magistrate judge determines that probable cause exists, a reviewing court accords great deference to that determination. *Martin,* 157 F.3d at 52.

In assessing whether probable cause supported the issuance of a warrant, a Court must consider whether, under the totality of the circumstances, the application in support of the warrant contained two factual showings: (1) that a crime was committed; and (2) that there is probable cause to believe that evidence of such crime is located at the residence. *U.S. v. Travisano,* 724 F.2d 341, 345 (2d Cir. 1983); *Illinois v. Gates,* 462 U.S. 213, 238 (1983) (holding that it is clear that "only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause".). "In considering the quantum of evidence required, it is only a probability, and not a *prima facie* showing of criminal activity that is the standard of probable cause." *Travisano,* 724 F.2d at 346.

In the matter at hand, as discussed previously, defendant has not submitted an affidavit in support of the within motion. As such, defendant has provided no factual averments to support his contention that there was a lack of probable cause to support the search warrant. Taken as a whole, the information provided to Inv. Gayeskie by the two minors, the information from the minor's parents and the fact that one of the minors was in possession of a pornographic VHS tape

9

and magazines provided probable cause to believe that evidence relating to Offenses Involving Computers, Offenses Relating to Children and Sexual Performance By a Child would be found at defendant's residence. Moreover, the information from the 11-year old boy was corroborated by the 10-year old boy and thus, was credible and reliable. *See U.S. v. Hulburt*, 2007 WL 3015218, at *5 (W.D.N.Y. 2007) (holding that the affidavit of an investigator provided probable cause to believe that evidence of child endangerment would be found at the defendant's residence since the affidavit contained statements from an informant to an investigator that were subsequently corroborated by the alleged victim); *see also U.S. v. Harding*, 273 F.Supp.2d 411, 418-419 (S.D.N.Y. 2003) (holding that information provided by a crime victim or other citizen witness may be accepted even absent a proven track record of reliability or corroboration).

Accordingly, defendant's motion to suppress evidence seized from defendant's residence is DENIED.

### 3.     Particularity Requirement

Defendant contends that the warrant failed to include any description of the vehicles owned or operated by defendant to justify a search of any vehicles on defendant's property. The government contends that the type of evidence sought could easily be moved and stored in the types of locations specified in the warrant. The warrant directed the search of, *inter alia*:

> The residence of Richard F. Russell, Jr., located at 974 State Route 11C, Brasher Falls, located in the Town of Brasher, St. Lawrence County, New York. The property is further described as follows: A one-story, wood-framed single family home, with white clapboard-style siding, green trim and a green metal roof; a dirt driveway is adjacent to the left side of the residence; the number 974 is displayed on the front of the residence near the entry door; a wheelchair ramp is attached to the west side of the residence which provides access to a side entrance. Also, any person(s) therein, or thereat, to whom such property as described in paragraph (B) may have been transferred or delivered to. Also, any other areas the occupants may

10

have custody or control of such as, but not limited to, the basement, the garage, and other curtilage or vehicles on the property.

A search warrant must describe, with particularity, "the place to be searched, and the persons or things to be seized", to prevent a "general, exploratory rummaging in a person's belongings." *U.S. v. Benjamin*, 72 F.Supp.2d 161, 177 (W.D.N.Y. 1999) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971)). The Second Circuit has stated, "[t]he scope of a search pursuant to a valid warrant is defined by the warrant's description of the premises and the objects of the search, and by the places in which the officers have probable cause to believe those objects may be found." *U.S. v. Kyles*, 40 F.3d 519, 523 (2d Cir.1994) (citing *Maryland v. Garrison*, 480 U.S. 79, 84 (1987)).

A vehicle found on a premises (except, the vehicle of a guest or other caller) is considered to be included within the scope of a warrant authorizing a search of that premises. *U.S. v. Pennington*, 287 F.3d 739, 745 (8th Cir. 2002); *see also U.S. v. Smith*, 967 F.2d 595 (9th Cir. 1992) (holding that warrant that authorized search of property including "any and all motor vehicles owned by or utilized by the occupant" was not overbroad as to require suppression of evidence found in a vehicle). Moreover, even if a search warrant contains no language authorizing the search of a "premises", a search of a vehicle located in the driveway of the premises is within the scope, "if it [i]s reasonable to conclude that the object of the search, may be found in the automobile". *U.S. v. Walker*, 922 F.Supp. 732, 755 (N.D.N.Y. 1996). "It is enough if the description is such that the officer with a search warrant can, with reasonable effort ascertain and identify the place intended." *Id*. at 754 (quoting *U.S. v. Napoli*, 530 F.2d 1198, 1200 (5th Cir. 1976).

In the case at hand, as previously discussed, defendant has not submitted an affidavit in support of the within motion.  As such, defendant has failed to establish by a preponderance of the evidence , that he had a reasonable expectation of privacy with regard to the vehicles.  *See U.S. v. Sykes*, 2006 WL 2711460, at *3 (W.D.N.Y. 2006) *aff'd* 2008 WL 5246040 (2d Cir. 2008). Defendant has not alleged that the vehicles that were allegedly searched were not located on the premises.  Further, the record does not indicate what evidence was seized from defendant's vehicle or whether or not that vehicle even was searched.  However, even assuming that defendant had submitted an affidavit, the search of automobiles on the premises was justified. The warrant expressly authorized the search of "other curtilage or vehicles on the property" and sufficiently described, in detail, the place to be searched and it was reasonable to believe that the items to be seized could have been found in any portion of defendant's property.  *See U.S. v. Campbell*, 256 F.3d 381, 390 (6th Cir. 2001) (holding that as "the scope of a lawful search is defined by the object of the search and the places in which there is probable cause to believe that it may be found", there was probable cause to believe that firearms could be found throughout the defendant's property).

This Court's conclusion that the warrant at issue lacked ambiguity is bolstered by defendant's failure to note any item of evidence seized by police which cannot be connected tangentially to the crimes charged in this case.  Accordingly, the Court finds that the warrant complied with the particularity requirements of the Fourth Amendment.

  4. **Good Faith**

The government claims that even assuming the warrant was overbroad or lacked probable cause, suppression is not warranted based upon the good faith exception.  Defendant contends that

the good faith exception does not apply because Inv. Gayeskie failed to exercise reasonable professional judgment. Specifically, defendant claims the adult pornographic material in the possession of the minor boy could not supply the basis for probable cause that child pornography would be located at defendant's residence.

Even if probable cause is lacking, suppression is not warranted if the police objectively relied in good faith on a search warrant. *U.S. v. O'Brien*, 498 F.Supp.2d 520, 539 (N.D.N.Y. 2007) (citing *U.S. v. Leon*, 468 U.S. 897, 923 (1984)). The good faith doctrine applies unless: (1) the issuing judge relied on an affidavit that the affiant either knew was false, or reflected the affiant's reckless disregard for the truth; (2) the issuing judge abandoned his neutral role; (3) the affidavit so failed in its recitation of probable cause that a reasonable police officer would have recognized as much; or (4) the warrant was so facially deficient that any reasonable police officer would have recognized as much. *See id.*

This is an objective standard, namely, "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *U.S. v. Williams,* 181 F.Supp.2d 267, 276 (S.D.N.Y. 2001) (internal citations omitted) (holding that the "reasonably well trained officer" who drafted and swore to this affidavit, then led the search pursuant to a warrant supported by the affidavit would have relied in good faith on the warrant and not known that the search was illegal). In *Williams*, the Court held, "we would not condone a search that was conducted in [sic] pursuant to a warrant which a reasonably well trained officer could rely, but the actual officer who executed the warrant subjectively knew that it failed to state probable cause". *Id.* at 278.

13

In this matter, defendant contends that Inv. Gayeskie failed to exercise reasonable professional judgment in applying for the warrant and relying on the warrant once "he learned that they had targeted the wrong individual". Inv. Gayeskie applied for the warrant with a sworn affidavit and participated in the execution of the warrant. As previously discussed, Inv. Gayeskie did not knowingly provide false information regarding defendant's criminal history. Further, the record establishes that Inv. Gayeskie did not realize that the information was erroneous until after the search warrant was executed and defendant was arrested and interviewed. Therefore, the officers that executed the warrant, including Inv. Gayeskie, acted in good faith in relying upon the warrant as issued by the judge. The officers reasonably relied on the warrant and performed an objectively reasonable and limited search of defendant's home based upon it. *See Leon*, 468 U.S. at 897. Based thereupon, defendant's motion to suppress evidence based on constitutional infirmity of the search warrant is DENIED.

**B.     Suppression of Defendant's Statements**

Defendant moves to suppress evidence of any statements made as a result of the unlawful search. Defendant has not identified which statements to the police, if any, are allegedly attributable to the unlawful search. Defendant has not provided the dates, statements or facts concerning the circumstances under which he made such statements. As referenced above, any motion to suppress must be accompanied by an affidavit from someone asserting personal knowledge of the alleged constitutional deprivation. Because defendant has failed to produce competent evidence in admissible form of any misconduct on the part of law enforcement or any constitutional deprivation, his motion for suppression of his statements is DENIED.

**C**.     **Leave to Make Further Motions**

Defendant seeks leave to make additional motions. The defendant will be permitted to make additional motions only for good cause shown should additional discovery produce new material facts and issues. The Court will not, however, accept additional motions that rehash the issues presented in the current motion and will not grant leave to make additional motions based on information and legal arguments which could have been brought through the exercise of due diligence as part of the motions before the Court today. The Court will exercise its discretion in determining the validity of any future motions. Accordingly, defendant's request is DENIED.

### D. Cross Motion

The government has cross moved for reciprocal discovery pursuant to Fed. R. Crim. P. 16(b)(1) requesting: (1) documents and tangible objects; (2) reports of examinations and tests; and (3) expert witness testimony/ information. Because the government is entitled to said discovery in accordance with Fed. R. Crim. P. 16(b)(1), and its motion is unopposed, the government's motion is **GRANTED**.

### IV. CONCLUSION

For the foregoing reasons it is hereby

**ORDERED** that defendant's motion (Dkt. No. 13) to suppress physical evidence is **DENIED**; and it is further

**ORDERED** that defendant's motion (Dkt. No. 13) to suppress his post-arrest statements is **DENIED**; and it is further

ORDERED that defendant's motion (Dkt. No. 13) for leave to make additional motions is **DENIED**; and it is further

**ORDERED** that the government's cross-motion (Dkt. No. 15) for discovery is **GRANTED**.

**IT IS SO ORDERED.**

Dated: February 24, 2009
      Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge